UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD T. GALIHER,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:18-cv-0002

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Richard T. Galiher, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. With the consent of the parties (ECF No. 11), 28 U.S.C. § 636(c), this matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 16), the Commissioner's Memorandum in Opposition (ECF No. 22), and the administrative record (ECF No. 9). No reply memorandum has been filed. For the reasons that follow, the decision of the Commissioner is **REVERSED** and this action is **REMANDED** under Sentence Four of § 405(g).

### I. BACKGROUND

In July 2013, Plaintiff filed an application for disability insurance benefits, alleging that he had been disabled since July 5, 2013. (R. at 298–304.) Plaintiff's application was denied initially and upon reconsideration. (R. at 197–227.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 242–43.) Administrative Law Judge ("ALJ") Jana Kinkade held

a hearing on December 10, 2015, at which Plaintiff, who was represented by counsel, appeared and testified. (R. at 159–96.) On February 12, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 125–41.) On November 6, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1–4.) Plaintiff then timely commenced the instant action.

## II. RELEVANT MEDICAL RECORDS

### A. Joseph M. Carver, Ph.D.

On March 17, 2015, Plaintiff presented to Joseph M. Carver, Ph.D., for a psychological consultative examination. (R. at 669–76.) Dr. Carver reported that Plaintiff has not received treatment from a psychologist or psychiatrist but does take an antidepressant. (R. at 671.) Dr. Carver noted that Plaintiff reported limited socializing and he denied eating in restaurants or attending church. (*Id*.) Plaintiff reported an increase in stressors over the previous two years, including the loss of his job which lead to marital problems and a marital separation. (R. at 672.) Dr. Carver noted that Plaintiff was polite, but difficult to examine, noting evidence of symptom exaggeration and inconsistency in his behavior. (R. at 674.) According to Dr. Carver, Plaintiff offered a theatrical pain display and spoiled responses, offering a weak/poor effort during the mental status examination. (*Id*.)

Dr. Carver diagnosed Plaintiff with a pain disorder associated with medical and psychological factors and personality disorder not otherwise specified. (R. at 675.) Dr. Carver opined that Plaintiff's ability to work with coworkers and supervisors is mildly impaired; that he has the social skills for most employment settings; had no difficulty maintaining a conversation during the examination and Plaintiff did not emphasize an inability to get along with others. (R.

at 676.)  Dr. Carver further opined that Plaintiff was also mildly impaired in his ability to handle work pressure.  (*Id.*)

In a questionnaire completed by Dr. Carver on the same day, he opined that Plaintiff had moderate impairments in his abilities to maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance, and be punctual with customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to ask simple questions or request assistance; to accept instructions and respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; and to be aware of normal hazards and take appropriate precautions.  (R. at 677.)  He further opined that Plaintiff had marked impairments in his abilities to interact appropriately with the general public and to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  (*Id.*)

**B.     Dean Erickson, M.D.**

On March 19, 2015, Plaintiff presented to Dean Erickson, M.D., for a consultative examination.  (R. at 679–84.)  Upon examination, Dr. Erickson noted poor teeth and poor performance on the Romberg test.  (R. at 681.)  Dr. Erickson also noted wheezing and rhonci upon respiratory exam and tenderness and spasm in the cervical, thoracic, and lumbar spine.  (*Id.*)  Dr. Erickson recorded decreased sensation in Plaintiff's hands and positive Tinel's and Phalen's testing in Plaintiff's wrists.  (*Id.*)  Dr. Erickson also recorded an inability to heel and toe walk and a wide-based gait.  (*Id.*)  Dr. Erickson went on to note Plaintiff's decreased strength in his many joints as well as in his wrists, elbows, shoulders, knees, hips, ankles, and great toes.  (R. at 682–83.)  Dr. Erickson opined that Plaintiff was unable to lift items weighing ten pounds

or less or occasionally lift or carry articles like docket files and small tools. (R. at 684.) According to Dr. Erickson, Plaintiff gave reasonable cooperation and effort during the same and testing and did not appear to exaggerate symptoms or behaviors during the exam or testing. (*Id.*)

IV. ADMINISTRATIVE DECISION

On February 12, 2016, the ALJ issued her decision. (R. at 125–41.) The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. (R. at 127.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity during the period from his alleged onset date of July 5, 2013. (*Id.*)

At step two, the ALJ concluded that Plaintiff had the following severe impairments: mixed connective tissue disease, rheumatoid arthritis, degenerative disc disease of the lumbar spine, degenerative joint disease of the shoulders with rotator cuff tears status post left shoulder surgery, mood disorder, and borderline intellectual functioning. (*Id.*)

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

At step three of the sequential process, the ALJ concluded that that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 128.) At step four, the ALJ assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is limited to occasional pushing and pulling with the upper extremities, and he can push and pull with all extremities limited to the exertional range of sedentary work. The claimant can occasionally climb stairs, but never climb ladders. The claimant could occasionally stoop, kneel, crouch, and crawl. He could occasionally reach overhead with his bilateral upper extremities, and reaching in all other directions frequently. He can frequently handle and finger with his bilateral upper extremities. He must avoid hazards such as unprotected heights and unprotected moving machinery, and he is restricted against commercial driving. The claimant is further mentally limited to performing simple, routine tasks in an environment that involves few, if any, workplace changes. Interaction with supervisors is limited to occasional. Interaction with coworkers and the public is limited to superficial contact that is not necessary for the performance of job duties.

(R. at 131.) In reaching this determination, the ALJ accorded "some weight" to Dr. Erickson's opinion, stating that she incorporated the credible portions of Dr. Erickson's opinions, consistent with the RFC. (R. at 137.) The ALJ went on to assign "partial weight" to Dr. Carver's opinion, stating that Dr. Carver's opinions were not stated in vocational terms, which would have maximized their probative value. (R. at 138.) Nevertheless, the ALJ further stated that Dr. Carver's opinions were generally supported by his examination of Plaintiff and Plaintiff's treatment history and therefore incorporated Dr. Carver's findings in assessing Plaintiff's mental limitations. (*Id.*)

Relying on the VE's testimony, the ALJ determined that even though Plaintiff is unable to perform his past relevant work, other jobs exist in significant numbers in the national economy

that he can perform. (R. at 139–40.) She therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 141.)

## V. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant

of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI.   ANALYSIS

Plaintiff advances two contentions of error. Plaintiff argues that the ALJ indicated that she incorporated the opinions of Drs. Carver and Erickson into the RFC, but she failed to include all the limitations assessed by these doctors.

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted).

An ALJ is required to explain how the evidence supports the limitations that he or she set forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and

describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Here, as set forth above, the ALJ assigned "partial weight" to Dr. Carver's opinion, reasoning as follows:

> The undersigned accords partial weight to the opinion of consultative examiner Dr. Carver, who opined is mildly to moderately impaired in concentration, persistence or pace, interacting with others in the workplace, and he can understand, remember, and follow directions (Ex. 21F, p.8- 10). Further, he opined on a mental functional capacity worksheet that the claimant was not significantly to moderately limited in most areas of functioning, but markedly limited in his ability to interact with the general public, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, and that he is employable (*Id*. at 10). Like Dr. Griffiths' opinions, Dr. Carver's opinions are not stated in vocational terms, which would maximize their probative value. Nevertheless, Dr. Carver's opinions are generally supported by his examination of the claimant as well as the claimant's treatment history. As such, the undersigned has incorporated Dr. Carver's findings in assessing the claimant with the mental limitations as discussed above.

(R. at 138.) Plaintiff argues that the ALJ stated that Dr. Carver's opinions are supported by his examination and Plaintiff's treatment history and that she incorporated Dr. Carver's findings in assessing Plaintiff's mental limitations. (ECF No. 16 at 21.) Plaintiff therefore contends that the ALJ erred when she failed to include the marked limitations identified by Dr. Carver and noted by the ALJ, *i.e.*, marked limitations in the ability to interact with the general public, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (*Id*. at 21–22.)

The Court agrees that the ALJ erred in her analysis of Dr. Carver's opinions and her decision is not supported by substantial evidence. While the ALJ assigns only "partial weight" to Dr. Carver's opinions, she nevertheless goes on to state that "Dr. Carver's opinions are generally supported by his examination of the claimant as well as the claimant's treatment

history" and "incorporated Dr. Carver's findings in assessing the claimant with the mental limitations as discussed above." (R. at 138.) It is not clear from this discussion what portions of Dr. Carver's opinions the ALJ adopts and which portions she rejects. The Court therefore cannot assess whether the RFC properly included the portions of Dr. Carver's opinion that the ALJ found credible. Based on this record, the Court is unable to trace the path of the ALJ's reasoning in her assessment of Dr. Carver's opinion and whether the RFC is supported by substantial evidence. *See Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (finding that "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of his reasoning.'") (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:17-cv-361, 2018 WL 3872150, at *4 (S.D. Ohio Aug. 15, 2018) (recommending remand where, *inter alia*, "[g]iven the limited analysis provided by the ALJ in affording Dr. Chiappone's opinion 'partial weight,' while nevertheless 'accommodat[ing]' Dr. Chiappone's limitations in his RFC, it is not clear to the Court what portions of Dr. Chiappone's opinion the ALJ credited and which portions he rejected or his reasons for doing so"), *recommendation adopted by* 2018 WL 4223140 (S.D. Ohio Sept. 5, 2018); *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 804 (S.D. Ohio 2017) (recommending remand where, *inter alia*, "given the limited analysis provided by the ALJ in affording Dr. Anable's opinion 'some weight,' it is not clear to the undersigned 'what portion of [Dr. Anable's] opinion was credited, and which portion was discredited.'") (quoting *Long v. Comm'r of Soc. Sec.*, No. 3:16-cv-154, 2017 WL 2416268, at *4 (S.D. Ohio June 5, 2017)), *recommendation adopted by* 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017). "The ALJ's failure to build a logical bridge between the evidence of record and Plaintiff's RFC necessitates that the captioned cause be remanded." *Horst v. Berryhill*, No. 3:17-cv-13, 2018 WL 1157987, at *2 (S.D. Ohio Mar. 3, 2018) (citations omitted) (remanding action

where, *inter alia*, "the ALJ does not state which portions, if any, of Drs. Goldsmith and Hoffman's opinions were excluded from the RFC; nor does he explain why any such portions were excluded").

The Commissioner argues, however, that "Dr. Carver's findings of marked limitations stand at odds with the treatment notes referenced above, which document Plaintiff's polite and cooperative demeanor" and are "incongruous" with other medical evidence. (ECF No. 22 at 17.) The Commissioner's argument is not persuasive. As an initial matter, the ALJ specifically concluded that Dr. Carver's opinions "are generally supported by his examination of the claimant as well as the claimant's treatment history." (R. at 138.) In addition, where the Court cannot evaluate the ALJ's reasoning, accepting the Commissioner's attempt to explain this omission would result in the Court "engaging in *post hoc* rationalization, which is prohibited." *Miller v. Comm'r of Soc. Sec.*, No. 1:13–CV–1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014); *see also Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)); *Garrett v. Berryhill*, No. 3:17-cv-00049, 2018 WL 1521763, at *7 (S.D. Ohio Mar. 28, 2018) (remanding where "the Commissioner improperly relies on *post hoc rationalizations* to substitute for the ALJ's deficient consideration of" an issue).

The Commissioner also argues that the ALJ afforded only partial weight to Dr. Carver's findings and that the ALJ specifically noted that Dr. Carver's opinion was not stated in vocational terms, which decreased the probative value of the opinion. (ECF No. 22 at 17–18.) While this is true, the ALJ's statement that "Dr. Carver's opinions are not stated in vocational

10

terms, which would maximize their probative value" (R. at 138) does nothing to clarify which portion of the opinions she discounts, leaving the Court unable to properly evaluate the ALJ's reasoning and RFC for the reasons previously discussed.

The Commissioner nevertheless maintains that Plaintiff fails to explain how the RFC is inconsistent with Dr. Carver's opinion or how she failed to properly incorporate his findings. (ECF No. 22 at 18–19.) These arguments are not well taken. Plaintiff specifically argued that the RFC and its limitation of superficial contact with the public failed to accommodate Dr. Carver's opinions that Plaintiff's marked limitations in his abilities to interact appropriately with the general public and to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (ECF No. 16 at 21–22.) The Court cannot say on the present record that the RFC limiting Plaintiff to superficial contact with the public adequately accommodates the marked limitations found by Dr. Carver. *Cf. Shinlever v. Berryhill*, No. 3:15-CV-371-CCS, 2017 WL 2937607, at *6 (E.D. Tenn. July 10, 2017) ("Substantial evidence supports a finding that interacting with co-workers and supervisors on an occasional basis—that is, very little up to one-third of the workday, Soc. Sec. Rul. 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983)—and *no interaction with the public accommodates the Plaintiff's 'marked' limitation [in social functioning].*") (emphasis added); *Miller v. Colvin*, No. 3:15-CV-294-DW, 2016 WL 154127, at *8-9 (W.D. Ky. Jan. 12, 2016) (finding an RFC that limited the plaintiff to "*no interaction with the general public* and only occasional, but superficial, interaction with co-workers and supervisors combined with no close tandem work" properly accounted for the plaintiff's marked limitation in social functioning) (emphasis added).

Finally, the Commissioner contends that Plaintiff did not discuss that Dr. Carver found a marked impairment in only two of the five areas of social interaction and Plaintiff did not explain

11

how that finding contradicted "the ALJ's findings that Plaintiff had overall moderate impairments in social functioning[.]" (ECF No. 22 at 19.) The Commissioner's argument, however, does not address the ALJ's failure to identify which portion of Dr. Carver's opinions she discounted when assigning them partial weight. As discussed above, the ALJ's failure in this regard prevents the Court from following the path of the ALJ's reasoning and does not build a logical bridge between the evidence and the RFC. Moreover, to accept the Commissioner's argument that purports to reconcile Dr. Carver's impairment findings in social interaction with the ALJ's finding at step three that Plaintiff had "moderate difficulties" in social functioning, does not address the ALJ's RFC determination at step four and would result in impermissible *post hoc* rationalization. *Keeton*, 583 F. App'x at 524

In short, is not clear from the record what portions of Dr. Carver's opinions the ALJ adopts and which portions she rejects, leaving the Court unable to trace the ALJ's path of reasoning and unable to assess whether the RFC is supported by substantial evidence. For the reasons discussed above, the ALJ's failure requires remand.[2]

## VII. CONCLUSION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence does not support the ALJ's decision denying benefits. Based on the foregoing, the decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** under Sentence Four of § 405(g).

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

---

[2] This finding obviates the need to for in-depth analysis of Plaintiff's arguments regarding Dr. Erickson. The Court, however, encourages the ALJ to address this matter upon remand.

12

Date: April 13, 2019	 s/ *Elizabeth A. Preston Deavers*  
	ELIZABETH A. PRESTON DEAVERS  
	CHIEF UNITED STATES MAGISTRATE JUDGE